IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| RONALD HOPE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO.: 2:17-cv-129-GMB |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF TRANSPORTATION, | ) | |
| Defendant. | ) | |

## **ORDER**

Pending before the court is Plaintiff Ronald Hope's Motion to Reconsider. Doc. 52. Hope appears to seek reconsideration of the court's order granting the Motion for Summary Judgment filed by Defendant Alabama Department of Transportation ("ALDOT") (Doc. 28). For the following reasons, the court concludes that Hope's motion (Doc. 52) is due to be DENIED.

"[C]ourts have recognized three grounds justifying reconsideration [of an order]: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1353 (M.D. Ala. 2003); *see also Am. Income Life Ins. Co. v. Google, Inc.*, 2014 WL 4452679 (N.D. Ala. Sept. 8, 2014). It is well established, however, that a motion to reconsider cannot be employed to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of [the order.]" *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Further,

"reconsideration of an order is an extraordinary remedy and is employed sparingly." *Wallace v. Holder*, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012).

Hope's motion falls well short of these standards in several ways. First, and most importantly, Hope both reiterates arguments made in his summary-judgment response and raises argument that could have been made earlier by once again asserting that ALDOT's evidentiary submission implicitly demonstrates that it discriminated against Hope with respect to the timing of his mid-appraisal evaluations and his personnel recommendations. The main difference between Hope's contentions in the motion and the arguments in his summary-judgment response are the specific coworkers he has identified as receiving better treatment than he did. Additionally, he reasserts the contention from his summary-judgment briefing that ALDOT's discovery responses were insufficient, this time claiming that "if ALDOT had furnished the Annual Appraisal dates with the Mid-Appraisal dates this would have been a check to validate the correct time for the Mid-Appraisals." Doc. 52 at 2. But there is nothing in the record establishing that Hope asked for this information, and ALDOT is under no affirmative duty to provide information that he did not request. *See* Doc. 45 at 4 (showing Hope's request for the dates his coworkers received mid-appraisal evaluations).

Hope also has failed to argue, let alone demonstrate, that there has been either an intervening change in controlling law, new evidence, or clear error necessitating reconsideration of any portion of the court's decision to grant the motion for summary judgment. Accordingly, it is ORDERED that Hope's motion to reconsider (Doc. 52) is DENIED.

DONE this 8th day of August, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE